UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

CLASS RACING STABLE, LLC.,          )
                                    )
          Plaintiff,                )          Civil Action No. 5: 16-200-DCR
                                    )
V.                                  )
                                    )
BREEDERS' CUP, LIMITED,             )          **MEMORANDUM OPINION**
                                    )            **AND ORDER**
          Defendant.                )
                                    )

                    ***   ***   ***   ***

This matter is pending for consideration of Plaintiff's motion *in limine* to conclude that

anticipated witnesses Joe Masino and Tom Arndt need not be disclosed separately as expert

witnesses. [Record No. 60] In the alternative, the plaintiff asks that if the Court finds the

witnesses are required to be disclosed as experts, the Court grant it leave to supplement the

expert disclosures previously filed. *Id*. For the reasons set forth below, the plaintiff's motions

will be denied.

# I.

This case arises out of events surrounding the 2015 Breeders' Cup. Plaintiff Class

Racing Stable, LLC ("Class Racing") owns the thoroughbred Holy Lute. [Record No. 1-1, ¶

22] Defendant Breeders' Cup operates the Breeders' Cup World Championships. It hosted

the 2015 Breeders' Cup at Keeneland Race Course in Lexington, Kentucky. *Id*. at ¶ 9. Holy

Lute was nominated to run in one of the 2015 Breeders' Cup races. *Id*. at ¶ 24. Class Racing

alleges that Breeders' Cup was negligent when it pre-entered Holy Lute in the 2015 Breeders'

Cup Sprint (Dirt) after the thoroughbred's trainer told the Director of Racing for Breeders' Cup that the horse was to be entered in the Turf Sprint. *Id*. at ¶ 58.

Anticipated witnesses Joe Masino and Tom Arndt are members and equity owners of Class Racing. [Record No. 60, p. 1] Class Racing filed the present motions, alleging that it does not need to disclose Masino and Arndt as experts. Specifically, it contends that Masino and Arndt fall under an exception of expert witness disclosures because both are witnesses who have personal knowledge of the facts, rather than traditional expert witnesses who rely on reports and investigations done by others. *Id*. at p. 2. In the alternative, Class Racing seeks leave to supplement its expert disclosures. *Id.* at p. 3.

## II.

Rule 26 of the Federal Rules of Civil Procedure requires that parties disclose the identity of any expert witness that they intend to use at trial under Federal Rule of Evidence 702, 703, or 705. Fed. R. Civ. P. 26(a)(2)(a). Further, parties are required to make expert disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). If a party fails to timely disclose its expert witnesses, Rule 37 provides that:

> the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1).

Class racing argues that Masino and Arndt are not required to be disclosed as expert witnesses under an exception for witnesses who have personal knowledge of the facts. It argues that, while portions of their anticipated testimony may be considered expert opinions, it is not required to disclose Masino and Arndt because of an "actor/viewer" exception mentioned in the Advisory Committee Notes accompanying the 1970 amendments to Rule 26. The plaintiff further contends that the 6th Circuit carved out this exception in *Pedigo v. UNUM Life Insurance Co. of America*, 145 F.3d 804, 807 (6th Cir. 1998).

In *Pedigo*, the plaintiff, a physician and medical examiner, attempted to offer his own opinion testimony regarding bullet entry and exit wounds he suffered as a result of a shooting. *Id*. The court found that his attempt to remove himself from expert disclosure requirements "based upon any 'actor/viewer exception' [were] without merit." *Id*. It reasoned that even though the plaintiff was "present during the 'transactions or occurrences that are part of the subject matter of the lawsuit,' Pedigio's proposed testimony did not involve information gained as a result of his presence at the scene of the shooting. Instead, Pedigo sought to testify as a forensic pathologist solely from pictures taken of his injuries and from hospital charts." *Id*.

Here, while Class Racing is attempting to side-step its disclosure requirement by arguing for an "actor/viewer" exception, it fails to take into account the fact that the proposed testimony would not be of the type discussed in *Pedigo*. Masino's anticipated testimony would offer his opinion, based on his thirty years of experience, as to each claim for damages. [Record No. 60, p. 2] In addition, he plans to offer testimony that if Holy Lute had been in the Turf Sprint, more likely than not the horse would have finished in the top three. *Id*. All of

Masino's opinions testimony are based on his thirty years of experience and Holy Lute's past racing performance, not in his capacity as an "actor/viewer".

Additionally, Class Racing contends that, because Arndt has personal knowledge of the facts of the case, he should be able to offer opinion testimony as an expert handicapper. He plans to offer his opinion that Holy Lute should have been ranked in the body of the race and more likely than not would have finished in the top three. *Id.* Class Racing offers no basis for this opinion and, even if it were based on his experience in the racing industry, it would not be the type of testimony encompassed by the "actor/viewer" exception.

Alternatively, Class Racing asserts that even if the Court finds that Masino and Arndt must be disclosed as experts, it should grant the plaintiff leave to supplement its expert disclosures because their failure to disclose them as potential expert witnesses is harmless. However, "Federal Rule of Civil Procedure 37(c)(1) requires absolute compliance with Rule 26(a)[;] that is, it "mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified." *Roberts ex. rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (quoting *Vance v. United States,* No. 98–5488, 1999 WL 455435, at *3 (6th Cir. June 25, 1999)).

To the extent that the plaintiffs intend to elicit expert opinion from Masino or Arndt, Rule 37(c)(1) precludes such testimony based on its failure to disclose them as an expert within the discovery period. As the Sixth Circuit has pointed out, the advisory committee's note on Rule 37(c) "strongly suggests that 'harmless' involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003) (internal quotation marks and citation omitted). The burden is on the "potentially sanctioned party to prove harmlessness." *Vance*, 1999 WL 455435, at *6.

Class Racing asserts that because it can produce Masino and Arndt for depositions at Breeders' Cup counsel's office in Louisville, Kentucky, any failure to disclose was harmless. However, the plaintiff offers no argument that its failure to disclose either of the witness was an honest mistake or that Breeders' Cup had knowledge of the opinion testimony to be offered. While Class Racing argues that Breeders' Cup could have explored any questions they desired in the Masino deposition, they fail to acknowledge the reason Breeders' Cup was caught by surprise by the sudden opinion testimony of Masino; that is, Class Racing's failure to disclose. The time to disclose experts ended July 7, 2017. Depositions of both anticipated witnesses have already concluded, the deadline for completing all discovery ended November 17, 2017, and Breeders' Cup has filed a motion for summary judgment. Now is not the time to reward the plaintiffs for its failure to follow the rules or abide by this Court's Scheduling Order.

## III.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** that Plaintiff Class Racing stable, LLC's Motion in Limine and Motion for Leave to Supplement Expert Witness Disclosures [Record No. 60] is **DENIED**.

This 31st day of January, 2018.



Signed By:

*Danny C. Reeves*

United States District Judge