UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| CLASS RACING STABLE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 16-200-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BREEDERS' CUP, LIMITED, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Breeders' Cup, Limited's ("Breeders' Cup") motion to exclude Plaintiff Class Racing Stable, LLC's ("Class Racing") expert witnesses [Record No. 74] and motion for summary judgment [Record No. 75]. The defendant's motions will be granted for the reasons outlined below.

**I.**

As the Court has discussed previously, this case arises out of events surrounding the 2015 Breeders' Cup. Class Racing brought suit against Breeders' Cup in the Fayette Circuit Court under various theories of negligence, detrimental reliance, and misrepresentation. [Record No. 1-1] The action was later removed to this Court. [Record No. 1] Class Racing's misrepresentation and construed promissory estoppel claims were dismissed on February 10, 2017. [Record No. 9] As a result, Class Racing was limited to a negligence claim for damages for the amount that Holy Lute's value would have increased had he simply run in the Turf Sprint. *Id.* at p. 4-5.

Breeders' Cup filed the present motions, alleging that Class Racing's proposed expert witnesses, Thomas Clark and Steve Pollack, should be excluded. [Record No. 74] Additionally, it contends that summary judgment is appropriate because Class Racing cannot prove with reasonable certainty that damages resulted from its alleged negligence. [Record No. 75]

**II.**

Any challenge to expert testimony must begin with Rule 702 of the Federal Rules of Evidence which was modified in December 2000 to reflect the Supreme Court's holdings in *Daubert*[1] and *Kumho Tire*.[2] Rule 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Thus, for an expert's opinion to be admissible, it must satisfy three requirements. "First, the witness must be qualified by knowledge, skill, experience, training, or education. Second, the testimony must be relevant, meaning that it will assist the trier of fact to understand the evidence or to determine a fact in issue. Third, the testimony must be reliable." *In re Scrap*

---

[1] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

[2] *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

*Metal Antitrust Litigation*, 527 F.3d 517, 529-30 (6th Cir. 2006). When a party's expert witness is challenged, the Court assumes the role of a gatekeeper to determine whether the proposed testimony may be presented to the fact-finder. *Daubert,* 509 U.S. at 587; *see also In re Scrap Metal*, 527 F.3d at 528 (noting that "[i]n *Daubert* the Court charged trial judges with the responsibility of acting as gatekeepers to exclude unreliable expert testimony, and the Court in *Kumho* clarified that this gatekeeper function applies to all expert testimony, not just testimony based on science.')

The Court need not hold a *Daubert* hearing to determine the admissibility of expert testimony. However, it must ensure that the disputed testimony is both relevant and reliable. *See Nelson v. Tennessee Gas Pipeline Co.*, 243 F.3d 244, 249 (6th Cir. 2001); *Clay v. Ford Motor Co.*, 215 F.3d 663, 667 (6th Cir. 2000). In this case, the issue regarding the admissibility of the plaintiff's proposed expert testimony has been fully briefed by the parties. The record is sufficient to enable the Court to perform its role under *Daubert* and a hearing would not be helpful in exercising that duty.

In addressing the pending motion for summary judgment, the Court must determine whether there are genuine disputes regarding any material facts and if the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986); *see Harrison v. Ash*, 539 F.3d 510, 516 (6th Cir. 2008).

A party moving for summary judgment bears the burden of demonstrating conclusively that no genuine issue of material fact exists. *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008). Once that burden has been met, the nonmoving party must come forward with significant probative evidence to defeat a properly supported motion for summary judgment. *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). In deciding whether to grant summary judgment, the Court views all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III.

#### A. Motion to Exclude Experts

The defendant's motion to exclude Class Racing's experts is based largely on the Court's prior determination that "[t]here is simply no evidence that could be presented to this Court or to a jury that would permit a finding that Holy Lute or any other horse would have finished in the top five." [Record No. 9, p. 4] The Court reasoned that damages based on that assumption are "remote, uncertain and speculative and, thus, not recoverable." *Id*. (citing *Schork v. Huber*, 648 S.W.2d 861, 863 (Ky. 1983)). The only damages question that remains in this case is would the horses value have increased by simply running in the Turf Sprint. "This category of damages does not depend upon a finding that Holy Lute would finish in the top five. Instead, it depends upon evidence that a horse's value increases simply as a result of having run in a particular race." *Id*. at p. 5.

As with all evidence, the threshold issue for admissibility of expert testimony is relevance. *See* Rules 401 and 402 of the Federal Rules of Evidence. Expert testimony is

relevant under Rule 702 and *Daubert* if it will assist the trier of fact to better understand the evidence or to decide a material fact in issue. *See In re Scrap Metal*, 527 F.3d at 529 (citing Rule 702 of the Federal Rules of Evidence).

Breeders' Cup contends that Thomas Clark's report and testimony must be excluded because he offers an opinion as to Holy Lute's value based solely on the assumption that Holy Lute would have won the 2015 Breeders' Cup Turf Sprint. Class Racing does not dispute that Clark's opinion is based, in part, upon the contingency that Holy Lute would have won the race. [Record No. 78, p. 10] It argues, however, that the remainder of his report is nonetheless valid and the Court should allow him to present his testimony. *Id*. But the entire report and conclusion regarding the valuation of Holy Lute is based on the hypothetical of Holy Lute winning the 2015 Breeders' Cup Turf Sprint. *See* Record No. 74-9, pp. 14-15. Nowhere in the report does he provide any opinion regarding an increase in value of Holy Lute simply by running in the race. The entire report is based on an assumption that will not be presented to the jury (i.e., the value of Holy Lute had he won the race) and will not assist the trier of fact to better understand the evidence or decide whether Holy Lute's value have increased by simply running in the 2015 Breeders' Cup Turf Sprint.

The defendant also argues that Part 3 of Class Racing's expert Steve Pollack's report and testimony should be excluded because he offers an opinion on Holy Lute's hypothetical finishing position. Rather than respond to this argument, Class Racing contends that the report is not limited to that specific opinion, and asserts that other parts of the report are relevant to the issue of negligence.[3] But as discussed above, any opinion of the hypothetical finishing

---

[3] "[W]hen a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed

position of Holy Lute is not relevant to the issue presented in this case. As a result, Part 3 of Pollack's report will be excluded.

### B. Summary Judgment

Negligence requires proof of: (i) a duty owed by the defendant to the plaintiff; (ii) breach of the duty; (iii) injury to the plaintiff and (iv) legal causation between the defendant's breach and the plaintiff's injury. *Wright v. House of Imports, Inc.*, 381 S.W.3d 209, 213 (Ky. 2012). "If it is established with reasonable certainty that damage has resulted from a breach of duty . . . mere uncertainty as to the amount will not preclude recovery…." *Roadway Exp., Inc. v. Don Stohlman & Associates, Inc.*, 436 S.W.2d 63, 68 (Ky. 1968). Breeders' Cup contends that it is entitled to summary judgment on Class Racing's negligence claim because Class Racing is unable to prove any damages as a result of the alleged negligence to a reasonable certainty. The defendant argues that expert testimony is required to prove the issue of damages in this case.

The plaintiff relies heavily on the argument that expert testimony is not necessary because "[t]here can be no reasonable doubt that the horse would have been more valuable had he run in this race." It relies heavily on *Curry v. Bennett*, 301 S.W.3d 502 (Ky. Ct. App. 2009), for this proposition. In *Curry*, the Court of Appeals of Kentucky found that the evidence supported the finding that a show horse's value was diminished because the plaintiff was unable to enter the horse in several competitions. *Id*. at 506. Specifically, the court noted that the plaintiff "presented evidence that other foals by Undulata's Nutcracker had regularly won

---

to address as conceded." *Cunningham v. Tennessee Cancer Specialists, PLLC*, 957 F.Supp.2d 899, 921 (*quoting Rouse v. Caruso*, No. 06-CV-10961-DT, 2011 WL 918327, at *18 (E.D. Mich. Feb. 18, 2011)).

the Futurity competition. He also presented evidence showing the value of horses with comparable lineages." *Id*. at 506-07.

Unlike in *Curry,* Class Racing has failed to identify admissible evidence that would support the claim that Holy Lute would have been more valuable had he run in the race. Instead, the only evidence offered was testimony from Clark, who offered the opinion that if Holy Lute had won the race, his value would have increased. As discussed above, however, this proposed testimony is not admissible regarding the issue remaining in this case. Further, Class Racing contends that the idea that a racehorse is more valuable if it had run in a Breeders' Cup race is one that is not hard to understand by a lay juror and, therefore, expert testimony is not required. [Record No. 78, p. 7] But in the very next sentence it argues that the value of a racehorse can never be scientifically appraised down to the penny, and that the value of a horse "fluctuates due to many factors, including its success at the track or the breading shed." *Id*.

Additionally, Class Racing argues that any juror can simply look at the Beyer speed numbers, and understand that a higher number indicates a faster speed than a lower number, and use that information to determine that Holy Lute's value would have increased if he would have simply run in the race. *Id*. Once again, however, the question of how Holy Lute would have performed in the race is of no consequence to the horse's value had he simply run in the race. While jurors are capable of determining some complex issues from the evidence and their common knowledge and experience, *see Reece v. Nationwide Mut. Inc. Co.*, 217 S.w.3d 226, 230-31 (Ky. 2007), the value of a race horse, which according to Class Racing "fluctuates due to many factors, including its success at the track or the breading shed," is not one of those issues.

As the plaintiff noted, the value which its own expert placed on Holy Lute, was "based on his decades of experience in the horse business." [Record No. 78, p. 8] The knowledge and experience to value a thoroughbred race horse, and more specifically to find that a race horse can be more valuable simply by running in one specific race, with no regard to how the horse finishes in that race, is outside the common knowledge and experience of a lay juror.

In short, Class Racing fails to present admissible evidence that could be utilized by a jury to prove to damages under Kentucky law. As a result, the defendant's motion for summary judgment is appropriate and will be granted.

## IV.

Based on the foregoing discussion and analysis, it is hereby

**ORDERED** as follows:

1. The defendant's motion to exclude experts witnesses [Record No. 74] is **GRANTED**.

2. The defendant's motion for summary judgment [Record No. 75] is **GRANTED**.

3. Plaintiff Class Racing's negligence claim against Breeders' Cup in Count I is **DISMISSED**, with prejudice.

This 27th day of March, 2018.



Signed By:
*Danny C. Reeves* DCR
United States District Judge