UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| CLASS RACING STABLE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 16-200-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BREEDERS' CUP LIMITED, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On April 27, 2018, the Court denied Plaintiff Class Racing Stable, LLC's motion to reconsider the Court's Memorandum Opinion and Order entered on February 10, 2017. [Record No. 99] Class Racing has since filed a motion to alter or amend the Court's Memorandum Opinion and Final Judgment under Rule 59(e) of the Federal Rules of Civil Procedure. [Record No. 101] Without laying out the relevant standard for relief under Rule 59(e), Class Racing raises two issues with the Court's prior decision. First, it argues that the Court improperly concluded that Joshua Christian did not receive the newly discovered e-mail from Ciaran Kennelly prior to his telephone call with James Cassidy. [*Id*. at pp. 2-4] Second, Class Racing again argues that its reliance on Christian's statement was reasonable even if Holy Lute was not guaranteed a position in the race. [*Id*. at pp. 4-5]

"The circumstances under which a district court may grant a Rule 59(e) motion are limited. *Robbins v. Saturn Corp.*, 552 F. App'x 623, 632 (6th Cir. 2013). Under Rule 59(e), a court may "alter the judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest

injustice." *Leisure Caviar, LLC v. U.S. Fish and Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (internal quotation marks omitted)). While Rule 59 allows for reconsideration of a court's order, it does not permit parties to effectively "re-argue a case." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

Here, Class Racing contends that the Court's ruling was based "on two arguments, each of which is flawed." [Record No. 101, p. 2] Class Racing's first contention involving the time the e-mail was sent fails because it does not take into consideration the Court's full prior analysis. The time the e-mail was sent, and whether Christian received the email before the call, does not change the overall relevance of the e-mail. Even if Christian had received the e-mail before the call, "simply being placed on the list of probable starters in the 11th position does not equate to Holy Lute being selected by the Panel to run in that spot." [Record No. 99, p. 4]

Class Racing's second argument merely rehashes arguments included in its previous motion to reconsider and addressed by the Court in its Memorandum Opinion and Order. [*See* Record No. 83; 99] For example, Class Racing asserts that the Court should surmise that Holy Lute's inclusion on the e-mailed list of probable starters provided Christian with enough information to make any reliance on his statement reasonable. The Court addressed this argument in its Memorandum Opinion and concluded that, in light of the Breeders' Cup selection procedures used and the fact that Christian did not have the authority to select horses that would run in the race, Class Racing has put forth "no new evidence that would alter the Court's prior conclusion that Class Racing's reliance on Christian's statement was not

reasonable." [Record No. 99, p. 4] Nothing new has been offered, only old arguments. Because Class Racing merely re-argues the bases for its previous motion to reconsider, it is not entitled to relief under Rule 59(e) of the Federal Rules of Civil Procedure. *See Howard*, 533 F.3d at 475.

Accordingly, it is hereby

**ORDERED** that Plaintiff Class Racing Stable, LLC's Motion to Alter, Amend, or Vacate Final Judgment and Opinion and Order [Record No. 101] is **DENIED**.

This 26th day of June, 2018.

Signed By:
*Danny C. Reeves* DCR
United States District Judge